# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

State of North Dakota, et al.

Appeal Nos. 14-2156 & 14-2251

Appellees,

v.

Beverly Heydinger, Commissioner and Chair,
Minnesota Public Utilities Commission, et
al.,

Appellants.

ON APPEAL FROM
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 11-cv-03232-SRN
The Honorable Susan R. Nelson

## APPELLEES/CROSS-APPELLANTS' REPLY BRIEF

NORTH DAKOTA ATTORNEY
GENERAL
AND
WINTHROP & WEINSTINE, P.A.
Thomas H. Boyd (200517)
Brent A. Lorentz (0386865)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
(612) 604-6400
tboyd@winthrop.com
blorentz@winthrop.com
*Attorneys for Appellees/Cross-Appellants*
*State of North Dakota, Industrial*
*Commission of North Dakota, Lignite*
*Energy Council, Basin Electric Power*
*Cooperative, The North American Coal*

OFFICE OF MINNESOTA
ATTORNEY GENERAL
Alethea M. Huyser
Michael Everson
445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
(651) 757-1243
*Attorneys for Appellants/Cross-*
*Appellees Beverly Heydinger,*
*Commissioner and Chair, Minnesota*
*Public Utilities Commission,*
*David C. Boyd, Commissioner,*
*Minnesota Public Utilities*
*Commission, Nancy Lange,*
*Commissioner and Vice Chair,*
*Minnesota Public Utilities*

Corporation, Great Northern Properties
Limited Partnership, Missouri Basin
Municipal Power Agency d/b/a Missouri
River Energy Services, Minnkota Power
Cooperative, Inc.

Commission, Dan M. Lipschultz,
Commissioner, Minnesota Public
Utilities Commission, Betsy Wergin,
Commissioner, Minnesota Public
Utilities Commission, and Mike
Rothman, Commissioner, Minnesota
Department of Commerce, each in
his or her official capacity

Claire M. Olson
Casey Jacobson
Basin Electric Power Cooperative
Office of General Counsel
1717 East Interstate Avenue
Bismarck, ND 58503-0564
Phone: (701) 557-5317

Attorneys for Basin Electric Power
Cooperative

John Neumann
The North American Coal
Corporation
5340 Legacy Drive, Building 1
Suite 300
Plano, TX 75024
Phone: (972) 448-5400

Attorneys for The North American
Coal Corporation

William Taylor
Woods, Fuller, Shultz and Smith
300 S. Phillips Ave., Suite 300
P.O. Box 5027
Sioux Falls, SD 57117-5027
Phone: (605) 336-3890

Attorneys for Missouri Basin Municipal
Power Agency d/b/a Missouri River Energy
Services

Gerad C. Paul
Minnkota Power Cooperative, Inc.
P.O. Box 13200
Grand Forks, ND 58208-3200
Phone: (701) 795-4210

Attorney for Minnkota Power
Cooperative, Inc.

Wyatt Hogan
Great Northern Properties L.P.
601 Jefferson Street
Suite 3600
Houston, TX 77002
Phone: (713) 751-7500

Attorney for Great Northern Properties
Limited Partnership

Paul Forster
Brian Bjella
Crowley Fleck PLLP
400 East Broadway, Suite 600
P.O. Box 2798
Bismarck, ND 58502
Phone: (701) 223-6585

Attorneys for Lignite Energy Council

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................1

    I.    SUBSTANTIAL AND UNREBUTTED EVIDENCE IN THE
        RECORD ESTABLISHED SEVERE AND SIGNIFICANT
        HARMS POSED BY MINN. STAT. § 216H.03, SUBDS. 3(2)-
        (3). ..........................................................................................3

    II.    CROSS-APPELLANTS SATISFY ALL OF THE
        REQUIREMENTS TO QUALIFY AS A PREVAILING
        PARTY ENTITLED TO RECOVER THEIR ATTORNEYS'
        FEES AND COSTS. ................................................................7

CONCLUSION ..............................................................................14

CERTIFICATE OF COMPLIANCE ..................................................19

i

# TABLE OF AUTHORITIES

Page No.

**<u>Cases</u>:**

*Ben Oehrleins, Inc. v. Hennepin Cnty.*,
    922 F. Supp. 1396 (D. Minn. 1996),
    *rev'd on other grounds*, 115 F.3d 1372 (8th Cir. 1997)
    *cert. denied*, 522 U.S. 1029 (1997) ................................................................10

*Blanchard v. Bergeron*,
    489 U.S. 87 (1989)...........................................................................................2

*Dennis v. Higgins*,
    498 U.S. 439 (1991)......................................................................................2, 9

*Farrar v. Hobby*,
    506 U.S. 103 (1992)................................................................................*passim*

*Geowaste of Ga., Inc. v. Tanner*,
    875 F. Supp. 830 (M.D. Ga. 1995)................................................................11

*Globe Glass & Mirror Co. v. Brown*,
    1996 WL 325602 (E.D. La. June 12, 1996) .......................................... 10-11

*Harper v. Pub. Serv. Comm'n of W. Va.*,
    427 F. Supp. 2d 707 (S.D.W.Va. 2006) .......................................................10

*Hatfield v. Hayes,*
    877 F.2d 717 (8th Cir. 1989)
    *cert. denied*, 529 U.S. 1098 (200)................................................................1

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).....................................................................................7, 12

*Homier Distrib. Co. v. City of New Bedford*,
    188 F. Supp. 2d 33 (D. Mass. 2002).............................................................10

*Jones v. Lockhart*,
    29 F.3d 422 (8th Cir. 1994) ...................................................................8, 9, 10

*Loggins v. Delo*,
    999 F.3d 364 (8th Cir. 1993) ........................................................... 9

*Lowry v. Watson Chapel Sch. Dist.*,
    540 F.3d 752 (8th Cir. 2008)
    *cert. denied*, 555 U.S. 1212 (2009) ........................................... 8, 9

*Marquart v. Lodge* 837, *Int'l Ass'n of Machinists & Aerospace Workers*,
    26 F.3d 842 (8th Cir. 1994) .......................................................... 13

*Murray v. City of Onawa, Iowa*,
    323 F.3d 616 (8th Cir. 2003) ................................................. 7, 8, 9

*Nazario v. Rodriguez,*
    554 F.3d 196 (1st Cir. 2009) ........................................................ 1

*Newman v. Piggie Park Enters., Inc.*,
    390 U.S. 400 (1968) ...................................................................... 2

*North Dakota v. Heydinger*,
    2014 WL 7157013 (D. Minn. Dec. 15, 2014) ........................... 3, 9

*North Dakota v. Heydinger*,
    15 F. Supp. 3d 891 (D. Minn. 2014) ................................ 6, 8, 9, 13

*Peter v. Jax*,
    187 F.3d 829 (8th Cir. 1999) ..................................................... 1, 2

*Pioneer Military Lending, Inc. v. Manning*,
    2 F.3d 280 (8th Cir. 1993) ........................................................ 1, 2

*Planned Parenthood v. Citizens for Cmty. Action*,
    558 F.2d 861 (8th Cir. 1977) ........................................................ 1

*Poor Richard's Inc. v. Ramsey Cnty.*,
    927 F. Supp. 1206 (D. Minn. 1996) ........................................... 10

*Poy v. Boutselis*,
    353 F.3d 479 (1st Cir. 2003) ........................................................ 2

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1992)......................................................................................13

*Valley Disposal v. Cent. Vermont Solid Waste Mgmt. Dist.*,
    872 F. Supp. 119 (D. Vt. 1994),
    *aff'd in part and vacated in part*, 71 F.3d 1053 (2d Cir. 1995) ...................11

*Warnock v. Archer*,
    380 F.3d 1076 (8th Cir. 2004) .......................................................................7

*Waste Sys. Corp. v. Martin Cnty.*,
    985 F.2d 1381 (8th Cir. 1993) .......................................................................2

**INTRODUCTION**

Cross-Appellants State of North Dakota, Industrial Commission of North Dakota, Lignite Energy Council, Basin Electric Power Cooperative ("Basin"), The North American Coal Corporation, Great Northern Properties Limited Partnership, Missouri Basin Municipal Power Agency d/b/a Missouri River Energy Services ("MRES"), and Minnkota Power Cooperative, Inc. ("Minnkota")(collectively, "Cross-Appellants") respectfully submit this Reply to Cross-Appellees Beverly Heydinger, David C. Boyd, Nancy Lange, Dan Lipschultz, Betsy Wergin, and Mike Rothman's (collectively, "Cross-Appellees") Response Brief ("Response").

It is well established that prevailing parties who are successful in actions brought under 42 U.S.C. § 1983 should recover their attorneys' fees and costs under 42 U.S.C. § 1988 unless special circumstances would render such an award unjust. *Pioneer Military Lending, Inc. v. Manning*, 2 F.3d 280, 285 n.4 (8th Cir. 1993); *Planned Parenthood v. Citizens for Cmty. Action*, 558 F.2d 861, 870 (8th Cir. 1977). Indeed, there is virtually a presumption that the prevailing party should recover their attorneys' fees and costs. *Peter v. Jax,* 187 F.3d 829, 837 (8th Cir. 1999)(prevailing parties "should ordinarily recover fees")(quoting *Hatfield v. Hayes,* 877 F.2d 717, 719 (8th Cir. 1989)), *cert. denied*, 529 U.S. 1098 (2000); *Nazario v. Rodriguez,* 554 F.3d 196, 200 (1st Cir. 2009)(an award of attorneys'

fees to the prevailing party is "virtually obligatory")(quoting *Poy v. Boutselis*, 352 F.3d 479, 487 (1st Cir. 2003)).

The United States Supreme Court's decision in *Dennis v. Higgins*, 498 U.S. 439 (1991), clearly established that Commerce Clause plaintiffs can proceed under 42 U.S.C. § 1983. *Id.* at 444; *see also Waste Sys. Corp. v. Martin Cnty.*, 985 F.2d 1381, 1389 (8th Cir. 1993). Thus, when such plaintiffs are prevailing parties, they have the presumptive right to attorneys' fees under § 1988 unless "special circumstances" render such an award unjust in a particular case. *Pioneer Military Lending,* 2 F.3d at 285 n.4 (citing *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989) & *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). This Court has held the "special circumstances" exception is "narrowly construed." *Peter,* 187 F.3d at 837.

Cross-Appellants commenced this lawsuit because Minn. Stat. § 216H.03, subds. 3(2)-(3) of the Next Generation Energy Act ("NGEA") unconstitutionally interfered with, *inter alia*, their ability to engage in transactions and other activities to provide reliable, low-cost power to cooperatives and municipalities located throughout the upper Midwest. They succeeded in establishing the statute violates the Dormant Commerce Clause, and obtained an injunction that prevents Cross-Appellees and their successors in office from enforcing the statute. Cross-

Appellants are therefore presumptively entitled to recover their reasonable attorneys' fees and nontaxable costs.

There are no "special circumstances" here to overcome Cross-Appellants' presumptive right to fees. Indeed, Cross-Appellees do not even argue that this is the rare case in which the narrowly construed "special circumstances" exist. Instead, Cross-Appellees try to minimize and marginalize Cross-Appellants' substantial success as a "hypothetical and technical victory on a facial challenge to an unenforced statute." (Cross-Appellees' Resp. p. 51) Cross-Appellees base this contention on the same erroneous and unfounded assertions they have advanced to argue lack of standing—namely, that none of the Cross-Appellants have been adversely affected by Minn. Stat. § 216H.03, subds. 3(2)-(3)—despite the substantial and unrebutted evidence in the record to the contrary. Accordingly, the District Court correctly ruled that Cross-Appellants are the prevailing parties and may recover their attorneys' fees and nontaxable costs. *North Dakota v. Heydinger*, 2014 WL 7157013 (D. Minn. Dec. 15, 2014).

## I. SUBSTANTIAL AND UNREBUTTED EVIDENCE IN THE RECORD ESTABLISHED SEVERE AND SIGNIFICANT HARMS POSED BY MINN. STAT. § 216H.03, SUBDS. 3(2)-(3).

Cross-Appellees' assertion that this case involves a "hypothetical and technical victory on a facial challenge to an unenforced statute" is contrary to the substantial and unrebutted evidence in the record.

*Cross-Appellants submitted sworn declarations from <u>five electrical engineers</u>*.  These individuals have more than 150 years of collective experience in electric transmission planning and systems, generation interconnection, resource portfolio planning, and distribution planning (Appx.264, Appx.285-Appx.286, Appx.298-Appx.299, Appx.306, Appx.315); and they each specifically articulated and described how the very existence of the statute prevents "persons" from entering into "long term power purchase agreements" and obtaining power from "large new energy facilities."  (Appx.263-Appx.326, SA100-SA146)  Cross-Appellees simply ignore this evidence.

*Four of these electrical engineers who submitted declarations are <u>directly responsible</u> for Basin's, MRES's, and Minnkota's operations and business performance* and each provided specific and particular examples of instances and ways in which the statute has prevented them from entering into "long term power purchase agreements" and obtaining power from "large new energy facilities" that would have benefited and served all of their non-Minnesota members.  (Appx.292-Appx.295, SA144-SA145, Appx.310-Appx.312, Appx.322-Appx.325, SA210-SA213)  Cross-Appellees ignore this evidence as well.

*Cross-Appellees provided <u>no evidence</u> from any engineers or knowledgeable business people*—indeed, no witnesses with any direct and personal knowledge of the relevant facts—to support their unfounded assertion that

Minn. Stat. § 216H.03, subds. 3(2)-(3) has had no adverse effect on any of the Cross-Appellants. Instead, they relied on a lawyer (Appx.327) and an economist (Appx.363), neither of whom has any actual experience or responsibility for operating generation and transmission entities like Basin, Minnkota, and MRES which supply power to cooperatives and municipalities. (Appx.327-Appx.382)

*Minn. Stat. § 216H.03, subds. 3(2)-(3) has been the subject of <u>three separate MPUC proceedings</u> involving three separate out-of-state "new large energy facilities"*—and in each of these cases, the MDOC and/or the Environmental Groups aggressively advocated that the statute should apply and the utilities should be required to establish that they would satisfy the statutory offset requirements. (Appx.400-Appx.405, SA351-SA357, SA306-SA340, SA254-SA262)

*Cross-Appellants Basin, MRES, and Minnkota established the mere existence of Minn. Stat. § 216H.03, subds. 3(2)-(3) was a "<u>deal killer.</u>"* (SA102-SA104, SA135-SA136, SA144-SA146) Cross-Appellees' contention that this case involved nothing more than a "hypothetical and technical" dispute is thus at odds with, among other things, the strident positions the MDOC has taken with transmission and generation entities and in various MPUC proceedings regarding the manner in which the statute should be enforced; the unrebutted evidence establishing that Cross-Appellants have been prevented from engaging in

transactions that would violate the statute; and the Court's express holding that the harms to Cross-Appellants "are not speculative or contingent future events . . . these are instances in which the challenged provisions of the NGEA (Minn. Stat. § 216H.03, subds. 3(2)-(3)) have already had—or, if enforced, will imminently have—a direct negative effect on Plaintiffs' financial strength, fiscal planning, and business prospects." *North Dakota v. Heydinger*, 15 F. Supp. 3d 891, 906 (D. Minn. 2014).

**Cross-Appellants' lawsuit has <u>benefited the public</u> in numerous way**—including, most notably, the significant benefits to MRES' members—which are small townships and municipalities that serve their citizens—and Basin's and Minnkota's respective members—which are nonprofit power cooperatives that exist for the purpose of providing reliable, affordable, and safe energy to consumers, often times in rural, poverty-stricken areas. (Appx.286, Appx.306-Appx.307, Appx.316) Cross-Appellants Basin, Minnkota, and MRES exist to procure and provide the most reliable and lowest-cost power for their member utilities and municipalities, who in turn provide that power to their respective customers, i.e. the public. Accordingly, Cross-Appellants' successful challenge of the NGEA's unconstitutional provisions benefits the public by allowing generation and transmission entities such as Basin, Minnkota, and MRES to obtain reliable, low-cost power for their members who, in turn, serve and benefit the public.

## II. CROSS-APPELLANTS SATISFY ALL OF THE REQUIREMENTS TO QUALIFY AS A PREVAILING PARTY ENTITLED TO RECOVER THEIR ATTORNEYS' FEES AND COSTS.

It is well established that a plaintiff is a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This has been more specifically defined to mean that "[a] litigant is a prevailing party if [it] obtains actual relief on the merits of [its] claim that 'materially alters the legal relationship between the parties by modifying the defendant's behavior or in a way that directly benefits the plaintiff.'" *Murray v. City of Onawa, Iowa,* 323 F.3d 616, 619 (8th Cir. 2003)(quoting *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)). "[A]ll that is required to be a prevailing party is that the legal relationship between the litigants be altered in favor of the party in question." *Warnock v. Archer*, 380 F.3d 1076, 1083 (8th Cir. 2004)(citing *Farrar*, 506 U.S. at 113). Cross-Appellants have certainly altered their legal relationship with Cross-Appellees and their successors in office by successfully invalidating Minn. Stat. § 216H.03, subds. 3(2)-(3), and enjoining Cross-Appellees and their successors in office from ever enforcing that statute against Cross-Appellants or any other "person."

In applying the "prevailing party" standard, the Eighth Circuit has looked to Justice O'Conner's concurrence in *Farrar* which set forth a three-part analysis that considers "(1) the difference between the damages sought and the amount

recovered; (2) the significance of the legal issue on which plaintiff prevailed; and (3) any public goal or purpose the lawsuit may have served." *Murray*, 323 F.3d at 619 (citing *Farrar*, 506 U.S. at 121; *Jones v. Lockhart*, 29 F.3d 422, 423-424 (8th Cir. 1994)). Here, Cross-Appellants' accomplishments in this lawsuit fully satisfy all three of these factors.

First, Cross-Appellants obtained all of the relief they sought. They secured the exact declaratory and injunctive relief that they pleaded and sought by obtaining a judgment that declared Minn. Stat. § 216H.03, subds. 3(2)-(3) unconstitutional and a permanent injunction that prohibits Cross-Appellees and their successors in office from enforcing this provision of the NGEA. *Heydinger*, 15 F. Supp. 3d at 903 & 919. There is no difference between the relief that Cross-Appellants sought and the relief they recovered. The fact that Cross-Appellants did not seek money damages, in addition to the declaratory and injunctive relief they sought and obtained, does not matter. *See Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 764 (8th Cir. 2008)(attorneys' fees and costs awarded even where "the purpose of the litigation was not private damages"), *cert. denied*, 555 U.S. 1212 (2009). "Because damages do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.

Rather, Congress made clear that the amount of fees awarded under [§ 1988] . . .

not be reduced because the rights involved may be nonpecuniary in nature." *Id.*[1]

Second, Cross-Appellants vindicated a constitutional right by establishing

that "Minn. Stat. § 216H.03, subds. 3(2)-(3), constitutes impermissible

extraterritorial legislation and is a per se violation of the dormant Commerce

Clause." *Heydinger*, 15 F. Supp. 3d at 919. The vindication of a constitutional

right certainly constitutes a "significant legal issue." *See, e.g.*, *Murray*, 323 F.3d at

619; *Lockhart*, 29 F.3d at 424. The Supreme Court has confirmed that the

Commerce Clause confers rights, privileges, or immunities within the meaning of

§ 1983. *Dennis*, 498 U.S. at 446-451.

Third, this litigation and the results obtained by Cross-Appellants have

clearly served a public purpose. Cross-Appellants "benefitted the public interest

by 'removing unconstitutional restrictions and barriers to reliable, low-cost power

sources'" which constitutes "a legitimate public interest that was served and

achieved in this litigation." *Heydinger*, 2014 WL 7157013, at *4-5; *see Lockhart*,

---

[1]     Even in those cases in which a plaintiff does seek money damages, the
Eighth Circuit does not require a substantial recovery to be deemed a prevailing
party. For instance, in *Murray v. City of Onawa, Iowa*, 323 F.3d 616 (8th Cir.
2003), the Court noted that "the amount [plaintiff] sought and the amount she
received ($500,000 and $1, respectively) was *not an outrageous split*." *Id.* at 619
(emphasis added). *Compare also Lockhart*, 29 F.3d at 424 (attorneys' fees granted
where $860,000 was sought, and $2 was received), *and Loggins v. Delo*, 999 F.2d
364, 367-369 (8th Cir. 1993)(attorneys' fees awarded where $100,000 was sought,
and $102.50 was awarded), *with Farrar*, 506 U.S. at 114-115 (attorneys' fees not
granted where $17 million was sought, and $1 was awarded).

29 F.3d at 424 ("civil rights litigation serves an important public purpose; '[a] plaintiff bringing a civil rights action "does so not for [itself] alone but also as a private attorney general," vindicating a policy that Congress considered of highest priority.'")(citations omitted).

Parties who have succeeded in obtaining injunctions against laws that violated the Commerce Clause have been deemed prevailing parties and awarded attorneys' fees and costs in each of those cases. *See, e.g.*, *Poor Richard's Inc. v. Ramsey Cnty.*, 927 F. Supp. 1206, 1207 (D. Minn. 1996)(awarding attorneys' fees and costs to victorious Commerce Clause plaintiff "in light of the substantial relief obtained as well as the novelty and complexity of the issues presented"); *Ben Oehrleins, Inc. v. Hennepin Cnty.*, 922 F. Supp. 1396, 1405 (D. Minn. 1996)(awarding attorneys' fees under Section 1988 to party that prevailed on Commerce Clause claim), *rev'd on other grounds*, 115 F.3d 1372 (8th Cir. 1997), *cert. denied*, 522 U.S. 1029 (1997); *Harper v. Pub. Serv. Comm'n of W. Va.*, 427 F. Supp. 2d 707, 724 (S.D.W.Va. 2006)(ordering that successful Commerce Clause plaintiffs were entitled to attorneys' fees and costs upon bringing motion under Rule 54(d)); *Homier Distrib. Co. v. City of New Bedford*, 188 F. Supp. 2d 33, 37 (D. Mass. 2002)(holding that prevailing Commerce Clause plaintiff was "entitled to reasonable attorney's fees and costs" under Section 1988); *Globe Glass & Mirror Co. v. Brown*, No. 94-4033, 1996 WL 325602, at *1 (E.D. La. June 12,

1996)(awarding attorneys' fees and costs to prevailing Commerce Clause plaintiff); *Geowaste of Ga., Inc. v. Tanner*, 875 F. Supp. 830, 834 (M.D. Ga. 1995)(awarding attorneys' fees to prevailing Commerce Clause plaintiff after rejecting argument that party's ability to pay should play a role in the determination to award fees); *Valley Disposal v. Cent. Vermont Solid Waste Mgmt. Dist.*, 872 F. Supp. 119, 126 (D. Vt. 1994)(awarding attorneys' fees and costs of litigation to prevailing Commerce Clause plaintiff), *aff'd in part and vacated in part*, 71 F.3d 1053 (2d Cir. 1995).

Moreover, the amounts of attorneys' fees and costs sought by Cross-Appellants are comparable to the amounts that have been sought by other plaintiffs in similar cases. *See, e.g.*, Supplemental Mem. in Supp. of Pls.' Mot. for Attorneys' Fees, Expenses, and Costs in *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, No. 1:11-cv-00099, ECF 229 (D. Vt. Oct. 31, 2013)(requesting $4.62 million in fees incurred at district court level and $790,000 in fees incurred at appellate level based on successful Commerce Clause claim); Pls.' Mem. in Supp. of Mot. for Attorneys' Fees in *Family Winemakers of Cal. v. Jenkins*, No. 1:06-cv-11682, ECF 123 (E.D. Mass. May 25, 2010)(requesting $2,062,343 in attorneys' fees and expenses after successful Commerce Clause claim); Pls.' Second Mot. for Attorneys' Fees in *Heald v. Granholm*, No. 2:00-cv-71438, ECF

144 (E.D. Mich. Dec. 8, 2005)(requesting $1,280,386 in attorneys' fees and expenses after successful Commerce Clause claim).

Cross-Appellees erroneously rely on *Farrar,* to argue that Cross-Appellants are not a prevailing party because the relief they have obtained is only "hypothetical and technical." (Cross-Appellees' Resp. pp. 51-52) In doing so, Cross-Appellees ignore the actual substance of *Farrar* which, among other things, confirmed that the United States Supreme Court applies a "'*generous formulation' of the term*" prevailing party and that "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* at 109 (quoting *Hensley,* 461 U.S. at 433)(emphasis added).

Cross-Appellees also overlook the fact that, in *Farrar*, the Supreme Court held "the Court of Appeals erred in failing to recognize that petitioners were prevailing parties" notwithstanding the "technical" nature of the result they had obtained. *Id.* at 113-116. "[T]he degree of the plaintiff's overall success goes to the reasonableness" of a fee award, and not the determination of whether a plaintiff is a prevailing party for purposes of § 1988. *Id.* at 114 (quoting *Hensley, supra*).

Finally, and in any event, the facts in *Farrar* are easily distinguished from the instant case. In *Farrar*, plaintiffs recovered absolutely no relief whatsoever: "'No money damages. No declaratory relief. No injunctive relief. Nothing. . . .'"

*Id.* at 107 (quoting Court of Appeals). In contrast, Cross-Appellants in this case recovered *all* the declaratory relief and *all* the injunctive relief sought in their lawsuit. *Heydinger*, 15 F. Supp. 3d at 903 & 919.

Cross-Appellees' reliance on *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782 (1992), is similarly misplaced. As the Eighth Circuit has noted, the Supreme Court in *Farrar* "rejected in part the *Garland* conception of prevailing party as underinclusive," holding that "even a technically victorious plaintiff would be a prevailing party for purposes of section 1988." *Marquart v. Lodge* 837, *Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 850 (8th Cir. 1994)(citations omitted). "[T]he *Farrar* Court delineated the extreme contours of what constitutes a prevailing civil rights plaintiff for purposes of fee-shifting. These contours are meant to be extreme" so that "a prevailing plaintiff is entitled to attorneys' fees except under very special circumstances." *Id.*

Cross-Appellants achieved all substantive relief they sought in bringing suit, specifically a ruling that Minn. Stat. § 216H.03, subds. 3(2)-(3) is unconstitutional and an injunction prohibiting Cross-Appellees and their successors in office from enforcing these unconstitutional provisions. *Heydinger*, 15 F. Supp. 3d at 903 & 919. Cross-Appellants' success in obtaining the declaratory and injunctive relief in this case has clearly altered the MDOC's and MPUC's "behavior toward them

for their benefit" by prohibiting Cross-Appellees and their successors in office from enforcing these unconstitutional provisions in the future. *Farrar*, 506 U.S. at 111. It has further ensured that these provisions are not used by the MDOC and environmental groups to bog down resource plan proceedings before the MPUC, as they had done in the past.

## CONCLUSION

For the above-stated reasons, as well as for those reasons set forth in their prior brief, Cross-Appellants respectfully request the Court to confirm their right to recover reasonable attorneys' fees and nontaxable costs incurred in this litigation.

Dated: March 31, 2015

s/Thomas H. Boyd
Wayne Stenehjem
   Attorney General of North Dakota
   Pro Hac Vice
John A. Knapp
   Special Assistant Attorney General
   Minnesota Bar No. 56789
Thomas H. Boyd
   Special Assistant Attorney General
   Minnesota Bar No. 200517
Brent A. Lorentz
   Special Assistant Attorney General
   Minnesota Bar No. 386865

Winthrop & Weinstine, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
612-604-6400

*Counsel of Record for Appellees/Cross-Appellants State of North Dakota and Industrial Commission of North Dakota*

WINTHROP & WEINSTINE, P.A.


s/Thomas H. Boyd
John A. Knapp
    Minnesota Bar No. 56789
Thomas H. Boyd
    Minnesota Bar No. 200517
Brent A. Lorentz
    Minnesota Bar No. 386865
Christina Rieck Loukas
    Minnesota Bar No. 0388036
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
612-604-6400

*Counsel of Record for Appellees/Cross-Appellants Lignite Energy Council, Basin Electric Power Cooperative, The North American Coal Corporation, Great Northern Properties Limited Partnership, Missouri Basin Municipal Power Agency d/b/a Missouri River Energy Services, Minnkota Power Cooperative, Inc.*


Claire M. Olson
Casey Jacobson
Basin Electric Power Cooperative
Office of General Counsel
1717 East Interstate Avenue
Bismarck, ND 58503-0564
Phone: (701) 557-5317

*Attorneys for Basin Electric Power Cooperative*

16

John Neumann
The North American Coal Corporation
5340 Legacy Drive, Building 1
Suite 300
Plano, TX 75024
Phone:  (972) 448-5400

*Attorneys for The North American Coal*
*Corporation*

William Taylor
Woods, Fuller, Shultz and Smith
300 S. Phillips Ave., Suite 300
P.O. Box 5027
Sioux Falls, SD 57117-5027
Phone:  (605) 336-3890

*Attorneys for Missouri Basin Municipal*
*Power Agency d/b/a Missouri River*
*Energy Services*

Gerad C. Paul
Minnkota Power Cooperative, Inc.
P.O. Box 13200
Grand Forks, ND 58208-3200
Phone:  (701) 795-4210

*Attorney for Minnkota Power*
*Cooperative, Inc.*

Wyatt Hogan
Great Northern Properties L.P.
601 Jefferson Street
Suite 3600
Houston, TX 77002
Phone:  (713) 751-7500

*Attorney for Great Northern Properties*
*Limited Partnership*

Paul Forster
Brian Bjella
Crowley Fleck PLLP
400 East Broadway, Suite 600
P.O. Box 2798
Bismarck, ND 58502
Phone:  (701) 223-6585

*Attorneys for Lignite Energy Council*

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C), the undersigned hereby certify, as counsel for Appellees/Cross-Appellants, that this Brief was prepared in Microsoft Word 2010, using 14-point Times New Roman proportionally-spaced font, and further certify this Brief complies with the type-volume limitation as there are 3,005 words in this Brief, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), according to Microsoft Word 2010's word count. The Brief of Appellants has been scanned for viruses in compliance with the Eighth Circuit Local Rule 28A and is virus free.

Dated: March 31, 2015

s/Thomas H. Boyd
John A. Knapp, #56789
Thomas H. Boyd, #200517
Brent A. Lorentz, #386865
Christina Rieck Loukas, #0388036
Winthrop & Weinstine, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
612-604-6400
jknapp@winthrop.com
tboyd@winthrop.com
blorentz@winthrop.com
cloukas@winthrop.com

*Counsel of Record for Appellees/Cross-Appellants*

10166014v3

**CERTIFICATE OF SERVICE**

*State of North Dakota, Industrial Commission of North Dakota, Lignite Energy Council, Basin Electric Power Cooperative, The North American Coal Corporation, Great Northern Properties Limited Partnership, Missouri Basin Municipal Power Agency d/b/a Missouri River Energy Services, Minnkota Power Cooperative, Inc. v. Beverly Heydinger, Commissioner and Chair, Minnesota Public Utilities Commission, David C. Boyd, Commissioner, Minnesota Public Utilities Commission, Nancy Lange, Commissioner and Vice Chair, Minnesota Public Utilities Commission, Dan M. Lipschultz, Commissioner, Minnesota Public Utilities Commission, Betsy Wergin, Commissioner, Minnesota Public Utilities Commission, and Mike Rothman, Commissioner, Minnesota Department of Commerce, each in his or her official capacity*

*Appeal Nos.:  14-2156 and 14-2251*

I hereby certify that on March 31, 2015, I electronically submitted for filing the following:

     1.     Appellees/Cross-Appellants' Reply Brief

With the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participant(s):

Ms. Claire M. Olson
1717 Interstate Avenue, E.
Bismarck, ND 58501

Dated:  March 31, 2015

s/Thomas H. Boyd

John A. Knapp, #56789
Thomas H. Boyd, #200517
Brent A. Lorentz, #386865
Christina Rieck Loukas, #0388036
Benjamin R. Kwan, #0395481
Winthrop & Weinstine, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402-4629
612-604-6400
jknapp@winthrop.com
tboyd@winthrop.com
blorentz@winthrop.com
cloukas@winthrop.com
bkwan@winthrop.com

*Counsel of Record for Appellees/Cross-Appellants*